

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DUJUAN GREEN, | § |
|     Plaintiff, | § |
| | § |
| vs. | § CIVIL ACTION NO. 4:13-1019-MGL-TER |
| | § |
| APT. WILLIAMS, SGT. ARROWOOD, | § |
| SGT. BROWNING, SGT. SARATT, and | § |
| OFC. POPELLA, | § |
|     Defendants. | § |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

    This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendants' motion for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

    The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 29, 2014, the Clerk of Court entered Plaintiff's objections on October 20, 2014, and Defendants filed a reply on October 24, 2014. The Court has carefully considered the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff is a state prisoner incarcerated at Perry Correctional Institution of the South Carolina Department of Corrections (SCDC). This action arises out of an incident that occurred between Plaintiff and Defendants, who were all employees of the SCDC at the time of the allegations in the complaint.

The Magistrate Judge suggests that Defendants, as employees of the SCDC, are entitled to Eleventh Amendment immunity from monetary damages in their official capacity. The Court agrees.

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999). This immunity extends to arms of the state, including a state's agencies, instrumentalities and employees. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984). Claims against a state employee for actions taken in an official capacity are tantamount to a claim against the state itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Although sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply here. Therefore, because SCDC is a state agency and, thus, Defendants are employees of the state, Plaintiff's claims against Defendants in their official capacity are barred by the Eleventh Amendment. As such, Defendants acting in their official capacities are entitled to summary judgment.

The Magistrate Judge also rightly recommends that Defendants are entitled to summary judgment on Plaintiff's excessive force claim. The plaintiff in an excessive force claim must establish that the prison official applied force "maliciously and sadistically for the very purpose of causing

2

harm" rather than in a good faith effort to maintain or restore discipline. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). The Supreme Court has laid out four factors for the Court to consider in deciding whether a prison official's actions were done "maliciously and sadistically" to cause harm: 1/ the need for application of force; 2/ "the relationship between the need and the amount of force" used; 3/ "the extent of the injury inflicted;" and 4/ "the extent of the threat to the safety of staff and inmates as reasonably perceived by the responsible officials on the basis of the facts known to them." *Id*.

In the Report, the Magistrate Judge presents a comprehensive and well-reasoned analysis of these four factors as they apply to the facts of this case. The Court need not repeat the discussion here. Suffice it to say that "considering the need for the use of force, the amount of force used in relation to that need, the perceived threat to other inmates and officers, and the extent of Plaintiff's injury, Plaintiff fails to create an issue of fact as to whether he was subjected to cruel and unusual punishment." Report 10. Consequently, summary judgment is appropriate.

Finally, the Magistrate Judge states that, even if Defendants' use of force violated Plaintiff's constitutional rights, they are entitled to qualified immunity. The Magistrate Judge is correct.

Under the doctrine of qualified immunity, a government official is not personally liable for damages resulting from his actions if his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Determining whether qualified immunity applies involves a two-prong inquiry: "whether the facts . . . make out a violation of a constitutional right" and "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

Even assuming that Defendants violated Plaintiff's constitutional rights, a reasonable person in Defendants' shoes would not have known that their conduct violated Plaintiff's constitutional

rights. As such, Defendants are entitled to qualified immunity for any excessive force claims that Plaintiff makes against them in their individual capacities.

Plaintiff's objections fail to put forth any specific objections to the Report. Instead, he generally makes arguments that the Magistrate Judge has already considered and rejected. Because the Court agrees with the Magistrate Judge's treatment of these issues, it need not repeat the discussion here.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Defendants' motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 24th day of November, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis  
MARY G. LEWIS  
UNITED STATES DISTRICT JUDGE

*****

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4